UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE GAVIN, et al.,

                Plaintiffs,

v.

LADY JANE'S HAIRCUTS FOR MEN
HOLDING COMPANY, LLC, et al.,

                Defendants.

Case No. 2:23-cv-12602

HONORABLE STEPHEN J. MURPHY, III

_____/

**<u>OMNIBUS OPINION & ORDER [24, 31, 32, 43]</u>**

Plaintiffs Jamie Gavin, Lindsay Gibbons, and Jhamya Winters filed a class

action complaint against Defendants on behalf of themselves and others similarly

situated and alleged violations of the federal Fair Labor Standards Act, Florida

Constitution, Missouri Minimum Wage Act, and Oklahoma Minimum Wage Act. ECF

1.[1] Plaintiffs moved for an order authorizing them to send notice of the suit "to their

similarly situated co-workers." ECF 24, PgID 140. Defendants moved to dismiss the

complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF 31, and

Defendants also moved to stay consideration of Plaintiffs' motion to send notice "until

[the] Court rules on Defendants' Motion to Dismiss." ECF 32, PgID 843. Last, the

parties jointly moved to extend the page limit for the parties' briefing on the motion

---

[1] Since the filing of the complaint, five other plaintiffs filed notices of intent to opt
into the proposed collective action. *See* ECF 6 (Plaintiff Tiffanie Wolf); ECF 39
(Plaintiff Melissa Speaker); ECF 46 (Plaintiff Jamie Lindquist); ECF 50 (Plaintiff
Chloe Kertesez); ECF 53 (Plaintiff Kimberly Burns).

1

to dismiss. ECF 43. First, the Court will grant the joint motion to extend the page limit. And for the reasons below, the Court will grant the motion to dismiss as to all Plaintiffs, deny as moot the motion for an order authorizing Plaintiffs to send notice of the suit, and deny as moot the motion to stay briefing.

## LEGAL STANDARD

Defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 31. Rule 12(b)(1) provides that a party may move to dismiss a case for "lack of subject-matter jurisdiction." "A motion under Rule 12(b)(1) to dismiss a complaint for lack of subject matter jurisdiction must be considered prior to other challenges since proper jurisdiction is a prerequisite to determining the validity of a claim." *Bowles v. Sabree*, No. CV 20-12838, 2022 WL 141666, at *3 (E.D. Mich. Jan. 14, 2022), (citation omitted). When they review a Rule 12(b)(1) motion, courts "ha[ve] wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (citations omitted). Plaintiff has the burden of proving that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (citation omitted). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(6), on the other hand, provides that a party may move to dismiss the case for "failure to state a claim upon which relief can be granted." And unlike a 12(b)(1) motion, Defendant "has the burden of proving that no claim exists." *Total*

*Benefits Plan. Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008). The Court may grant a motion to dismiss under Rule 12(b)(6) if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). On a Rule 12(b)(6) motion, courts may "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430. But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss the complaint. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Rule 12(b)(6) is the proper vehicle for dismissing a case in favor of arbitration. *Knight v. Idea Buyer, LLC*, 723 F. App'x 300, 301 (6th Cir. 2018) ("A party's failure to pursue arbitration in spite of a compulsory arbitration provision means that the

party has failed to state a claim," and "a motion to dismiss on such grounds is 'properly construed as a motion . . . under Rule 12(b)(6).") (quotation marks and quotation omitted).

## DISCUSSION

The Court will first address the motion to dismiss. Defendants argued that the Court should dismiss Plaintiffs Gavin, Winters, Wolf, and Speaker's claims because they signed valid, binding arbitration agreements as part of their employment with Defendants. ECF 31, PgID 281. Defendants later submitted evidence that Plaintiffs Lindquist, Kertesez, and Burns also signed arbitration agreements. ECF 47; ECF 51-1; ECF 54-2, PgID 1288–90. Defendants then argued that the Court should dismiss Plaintiff Gibbons's claims because they are time-barred. ECF 31, PgID 306. Third, and in the alternative, Defendants argued that the Court should stay the case under the first-to-file rule because three nearly identical cases—all of which were filed before the present case—are pending in the federal courts. *Id.* at 310. The Court will address each argument in turn.

I.   <u>Plaintiffs Gavin, Winters, Wolf, Speaker, Lindquist, Kertesez, and Burns</u>

Defendants argued that the Court should dismiss Plaintiffs Gavin, Winters, Wolf, Speaker, Lindquist, Kertesez, and Burns's claims because they signed valid, binding arbitration agreements as part of their employment with Defendant Lady Jane's Haircuts. ECF 31, PgID 281; ECF 47; ECF 51-1; ECF 54-2. For the reasons below, the Court will grant the motion to dismiss as to Plaintiffs Gavin, Winters, Wolf, Speaker, Lindquist, Kertesez, and Burns.

A.   *Arbitration Analysis*

The Federal Arbitration Act (FAA) applies to written provisions in a "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction." 9 U.S.C. § 2. Under the FAA, the Court must enforce valid arbitration agreements. *In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 878 (6th Cir. 2021); *see also* 9 U.S.C. § 2. "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court but instead mandates that the district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original) (citing 9 U.S.C. §§ 3–4). The Court must resolve "any ambiguities in the contract or doubts as to the parties' intentions" in favor of arbitration. *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (citation omitted). A defendant may invoke arbitration by (1) requesting a stay of the proceedings under § 3 while "the issue "referable to arbitration under [the] agreement" is arbitrated, or (2) moving under § 4 for an "order directing that such arbitration proceed in the manner provided for in [the arbitration] agreement." *Boykin v. Fam. Dollar Stores of Mich., LLC*, 3 F.4th 832, 836–37 (6th Cir. 2021) (quotation marks and quotations omitted).

When, however, neither party requests a stay and the claims in a lawsuit are subject to a compulsory arbitration provision, the Court may dismiss the case for failure to state a claim. *Compare Knight*, 723 F. App'x at 301 (affirming the district court's dismissal of an action subject to an arbitration agreement and noting that "a

5

party's failure to pursue arbitration in spite of a compulsory arbitration provision means that the party has failed to state a claim.") (alterations omitted) *with Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 942 (6th Cir. 2021) (reversing the district court's dismissal of an action subject to arbitration and noting that "[A] district court should enter a stay in the normal course in this setting . . . There may be situations in which a dismissal remains permissible—say a situation in which . . . neither party asks for a stay."); *see also Hilton v. Midland Funding, LLC*, 687 F. App'x 515, 519 (6th Cir. 2017) (affirming the district court's dismissal after compelling arbitration "[b]ecause none of the parties . . . requested a stay of proceedings.").

To determine whether the claims are subject to a compulsory arbitration provision, the Court examines the *Glazer* factors: (1) whether the parties agreed to arbitrate; (2) the agreement's scope; (3) whether Congress intended any federal statutory claims asserted to be non-arbitrable; and (4) whether to stay the proceedings if some claims are not arbitrable. *Glazer v. Lehman Bros.*, 394 F.3d 444, 451 (6th Cir. 2005) (citation omitted).

Consideration of the *Glazer* factors here supports granting the motion to dismiss. First, the parties agreed to arbitrate. *See Glazer*, 394 F.3d at 451. The employment agreement signed by Plaintiffs Gavin, Winters, Wolf, Speaker, Lindquist, Kertesez, and Burns contained an arbitration clause that provided: "[Defendants] and CONTRACTOR agree to use binding arbitration, instead of going to court, for any 'Covered Claims' that arise . . . between CONTRACTOR and

[Defendants]." *See, e.g.,* ECF 31-2, PgID 328. And again, the agreement stated: "The parties understand and agree that arbitration is the only forum for resolving Covered Claims, and that both parties are waiving the right to a trial before a judge or jury in federal or state court in favor of arbitration for Covered Claims." *Id.* Plaintiffs Gavin, Winters, Wolf, Speaker, Lindquist, Kertesez, and Burns all signed the agreement. *Id.* at 329 (Plaintiff Gavin), 340 (Plaintiff Winters), 345 (Plaintiff Wolf), 352 (Plaintiff Speaker); ECF 47, PgID 1221 (Plaintiff Lindquist); ECF 51-1, PgID 1252 (Plaintiff Kertesez); ECF 54-2, PgID 1290 (Plaintiff Burns). Thus, the parties agreed to arbitrate, and the first *Glazer* factor is satisfied.

Second, the scope of the arbitration agreement is broad and covers the claims Plaintiffs Gavin, Winters, Wolf, Speaker, Lindquist, Kertesez, and Burns brought. As stated above, the arbitration agreement applied to "any 'Covered Claims' that arise . . . between CONTRACTOR and [Defendants]." *See, e.g.,* ECF 31-2, PgID 328. Indeed, the arbitration agreement specifically provided that the arbitration clause applied to "claims for . . . failure to pay wages, overtime, compensation, or other renumeration." *Id.* And the arbitration agreement expressly waived the right to bring a collective action. *Id.* ("By signing this Agreement, the Parties waive any substantive or procedural rights they may have to bring an action on a class, collective, representative, or other similar basis against each other."). The arbitration agreement thus applies to the claims brought by Plaintiffs Gavin, Winters, Wolf, Speaker, Lindquist, Kertesez, and Burns.

Third, no evidence suggests that Congress did not intend the claims brought by Plaintiffs Gavin, Winters, Wolf, Speaker, Lindquist, Kertesez, and Burns to be non-arbitrable. *See Glazer*, 394 F.3d at 451. Plaintiffs alleged failure to pay minimum wages and failure to pay overtime wages in violation of the FLSA and Florida, Missouri, and Oklahoma law, as well as unjust enrichment under Florida, Missouri, and Oklahoma law. ECF 1, PgID 81–88. It is well established that wage-related claims are arbitrable. *See, e.g., Ramirez v. Bridgestone Retail Operations, LLC*, No. 12-cv-14480, 2013 WL 1507221, at *3 (E.D. Mich. Apr. 12, 2013). "In particular, statutory claims may be the subject of an arbitration agreement, including employment discrimination claims and claims under the FLSA." *Walker v. Ryan's Fam. Steak Houses, Inc.*, 400 F.3d 370, 377 (6th Cir. 2005) (citation omitted). And no evidence suggests that Congress did not intend State-law wage claims or State-law enrichment claims to be non-arbitrable. *See Great Earth*, 288 F.3d at 889 (noting that the Court must resolve "any ambiguities in the contract or doubts as to the parties' intentions" in favor of arbitration). The third *Glazer* factor is therefore satisfied.[2] And because Plaintiff's claims are subject to binding arbitration under a valid agreement to arbitrate, the Court will grant Defendant's motion as to Plaintiffs Gavin, Winters, Wolf, Speaker, Lindquist, Kertesez, and Burns.

---

[2] The fourth factor—"whether to say the proceedings if some claims are not arbitrable"—does not apply here because the Court determined that all of Plaintiff's claims are subject to binding arbitration. *Glazer*, 394 F.3d at 451.

B.    *Plaintiffs' Objections*

Plaintiffs argued that the Court should not compel arbitration because the arbitration agreements are void, unconscionable, and against public policy. Plaintiffs gave three reasons in support of that claim, and the Court will address each in turn.

1.    <u>Applicable Law</u>

First, Plaintiffs argued that the arbitration agreements are void, unconscionable, and against public policy because they "bind[] an arbitrator to enforce Defendants' policies and procedures as though they were the law." ECF 44, PgID 1057. The result of this, Plaintiffs argued, was that the arbitration agreement effectively "eliminate[d] a stylist's [ability] to bring a claim under the FLSA." *Id.* at 1060. But the agreement does no such thing. True, the agreement also instructs the arbitrator to adhere to any of Defendants' "handbooks, rules, policies[, or] procedures" that may be "applicable." ECF 31-2, PgID 345. But rather than bind the arbitrator to only Defendant's policies, the arbitration agreement simply instructs him or her to "apply the substantive law that is applicable to the claims." *Id.* And the arbitrator can only award whatever remedies "could be awarded by a court or administrative agency under applicable statutory or common law." *Id.* Plaintiff's argument is thus incorrect.[3]

---

[3] *See, e.g., Pugh v. Lady Jane's Haircuts for Men Holding Co., LLC*, 660 F. Supp. 3d 712, 728 (M.D. Tenn. 2023) (granting motion to compel arbitration under the same arbitration agreement at issue here).

2.    <u>Adhesion Contract</u>

Second, Plaintiffs argued that the arbitration agreement was an adhesion contract through which Defendants "are attempting to contract [] around the FLSA by requiring their stylists to waive their FLSA protections in order to work." ECF 41, PgID 1063. Plaintiffs claimed that Defendants created and enforced the arbitration agreement without "negotiation or actual bargaining," *id.,* but Plaintiffs offered no factual support for that claim. *See id.* Plus, "[c]ontracts requiring arbitration as a condition of employment are not procedurally unconscionable under Michigan law." *Sande v. Masco Corp.*, No. 19-11511, 2019 WL 5191904, at *3 (E.D. Mich. Oct. 15, 2019). Thus, Defendants' inclusion of the above arbitration provision in their employment contracts does not, without more, make the provision unconscionable.

3.    <u>Cost-Prohibitive</u>

Third, Plaintiffs argued that the arbitration agreement is unenforceable because it is cost-prohibitive. ECF 41, PgID 1064. Plaintiffs claimed that, by making the agreement subject to the American Arbitration Association's (AAA) commercial arbitration rules, which require the parties to split the costs of arbitration—rather than the employment arbitration rules, which require the employer to bear the costs of arbitration—"means that workers[] like hairstylists[] cannot effectively vindicate their rights." *Id.* at 1065.

"[W]hen a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree Fin. Corp.-Alabama v.*

10

*Randolph*, 531 U.S. 79, 92 (2000). "A cost-splitting provision should be held unenforceable whenever it would have the 'chilling effect' of deterring a substantial number of potential litigants from seeking to vindicate their statutory rights." *Morrison v. Cir. City Stores, Inc.*, 317 F.3d 646, 661 (6th Cir. 2003). When a plaintiff demonstrates that arbitration is cost-prohibitive, the entire arbitration agreement unenforceable "unless the cost-splitting provision is somehow severable from the rest of the agreement." *Pugh*, 660 F.Supp.3d at 724.

Simply put, Plaintiffs demonstrated that the use of the AAA's commercial rules is cost-prohibitive. In *Pugh*, a nearly identical case involving many of the same defendants, the same arbitration agreement, and the same motion to compel arbitration, the United States District Court for the Middle District of Tennessee found the use of the AAA's commercial rules to be cost-prohibitive and therefore unenforceable. 660 F.Supp.3d at 724. The same is true here. Contrary to Defendants' argument, ECF 45, PgID 1169, Plaintiffs carried their burden of showing that they are likely to incur expenses that would be prohibitively high and would have a "chilling effect" on their attempts to vindicate their statutory rights. For instance, Plaintiffs argued that the costs of arbitration under the AAA's commercial arbitration rules are "substantial" because they include "filing fees, administrative fees," and the arbitrator's fee, which "can add up to over $16,000." ECF 44, PgID 1065. And "with typical employment arbitrations involving between fifteen and forty hours of arbitration time, that results in an additional $4,500 to $33,000 that each claimant would be financially responsible for." *Id.* (cleaned up). Minimum wage workers,

Plaintiffs concluded, "cannot bear these costs, which can amount to more than a worker's entire year's pay." *Id.* In support of this assertion, Plaintiffs attached declarations by Plaintiffs Gavin, Winters, Wolf, and Speaker in which they stated their annual income from working for Defendants. *See* ECF 44-1; ECF 44-2; ECF 44-3; ECF 44-4. For example, Plaintiff Gavin's total earnings were $16,522.42 in 2021 and $6,468 in 2022. ECF 44-1, PgID 1082; *see also id.* at 1086–87 (1099-K forms). Plaintiff Winters's total earnings in 2023 were $9,000. ECF 44-3, PgID 1097. And Plaintiff Speaker's total earnings were $42,596.14 in 2022. ECF 44-4, PgID 1102; *see also id.* at 1106 (W2 form). Those income numbers align with the median income for hair stylists in the United States, which is less than $30,000 per year. *See Pugh*, 660 F.Supp.3d at 724; *see also* https://bit.ly/4a6Snii (https://perma.cc/A4RP-CYY5); https://bit.ly/3UqFaLk (https://perma.cc/5DBV-N3R4). Plaintiffs therefore carried their burden of showing that they are likely to incur expenses that would be too high for them or any similarly situated claimants to pay, which renders the entire arbitration agreement unenforceable "unless the cost-splitting provision is somehow severable from the rest of the agreement." *Pugh*, 660 F.Supp.3d at 724.

The cost-splitting provision is severable. The employment agreement signed by Plaintiffs has a severability provision that provides: "If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall nevertheless continue in full force without being impaired or invalidated in any way." ECF 31-2, PgID 345. The Court will therefore sever the phrase "under its Commercial Arbitration Rules" from the

12

arbitration provision of the employment agreement. *See Chattanooga Mailers' Union, Loc. No. 92 v. The Chattanooga News Free Press Co.*, 524 F.2d 1305, 1313 (6th Cir. 1975) ("[I]llegal contract provisions should not render the entire contract void unless the forbidden provision is so basic to the whole scheme of a contract and so interwoven with all its terms that it must stand or fall as an entity.") (quotation marks and quotation omitted). Going forward, the agreement must be governed by the AAA's default employment arbitration rules. *See Pugh*, 660 F.Supp.3d at 725.

> C.    *Dismissal*

Because Plaintiffs Gavin, Winters, Wolf, Speaker, Lindquist, Kertesez, and Burns's claims are subject to arbitration, the Court will dismiss the claims. The FAA instructs that, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration," the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. But neither party requested a stay. *See* ECF 31; 44; 45. Defendants' pleadings repeatedly reference only a dismissal of the complaint, not a stay. *See* ECF 31; 45. And Plaintiff did not request a stay in response. *See* ECF 44. When neither party requests a stay, and the claims are subject to arbitration, the Court may dismiss the case for failure to state a claim. *Compare Knight,* 723 F. App'x at 301 (affirming the district court's dismissal of an action subject to an arbitration agreement and noting that "a party's failure to pursue arbitration in spite of a compulsory arbitration provision means that the party has failed to state a claim.") (alterations omitted) *with Arabian Motors*, 19 F.4th at 942 (reversing the district court's dismissal of an action subject to arbitration

and noting that "a district court should enter a stay in the normal course in this setting . . . There may be situations in which a dismissal remains permissible—say a situation in which . . . neither party asks for a stay."). The Court will therefore dismiss without prejudice the claims of Plaintiffs Gavin, Winters, Wolf, and Speaker, Lindquist, Kertesez, and Burns.

## II.   Plaintiff Gibbons

Defendants contended that Plaintiff Gibbons's claims should be dismissed as time-barred. ECF 31, PgID 306. Specifically, Defendants argued that Plaintiff Gibbons's FLSA claims should be dismissed because she filed her FLSA claims four years after her employment with Defendants ended—two years after the FLSA limitations period ended. *Id.* at 307. Defendants are correct. And the Court will dismiss Plaintiff's Gibbons claims as time-barred.

The limitations period for FLSA claims is two years. *Walsh v. KDE Equine, LLC*, 56 F.4th 409, 414 (6th Cir. 2022) (citation omitted).[4] Plaintiff Gibbons worked for Defendants from 2014 until January 2, 2019. ECF 1, PgID 44; ECF 24-2, PgID 172; ECF 31-2, PgID 324. The limitations period for Plaintiff Gibbons's FLSA claims therefore ended on January 2, 2021. Yet the complaint was filed on October 16, 2023. *See* ECF 1. Plaintiff Gibbons's FLSA claims are accordingly time-barred. And because the Court will dismiss Plaintiff Gibbons's FLSA claims as time-barred, the Court will decline to exercise supplemental jurisdiction over Plaintiff Gibbons's State-law unjust

---

[4] That period can be extended to three years if the plaintiff proves the alleged FLSA violation was willful. *Walsh*, 56 F.4th at 414. Plaintiff Gibbons did not allege a willful violation. *See* ECF 1; ECF 44.

14

enrichment claim and State-law wages claims. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction"); *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the State law claims.") (cleaned up).

Plaintiffs argued that the Court should equitably toll the limitations period for Plaintiff Gibbons's FLSA claims. ECF 44, PgID 1070. Plaintiff Gibbons asserted that she did not bring her FLSA claims at an earlier date "because she was informed by her superiors that she had no viable wage claims." *Id.* at 1071. She attached an affidavit in which she stated that, based on "discussions with [her] manager, [she] was under the impression that [she] had no right to pursue any legal claims for [her] pay because [she] was classified as an Independent Contractor." ECF 44-2, PgID 1090. According to Plaintiff Gibbons, she "only recently learned about [her] ability to pursue [her] claims after being contacted by another stylist who worked with [her]." *Id.* at 1091.

"The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quotation marks and quotation omitted). It is "used sparingly by federal courts." *Id.* at 784 (citation omitted). The party seeking equitable tolling must prove that they are entitled to it. *Id.* (citation omitted). In determining whether to

equitably toll a limitations period, courts can consider "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness i[n] remaining ignorant of the particular legal requirement." *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citation omitted).

The *Truitt* factors do not favor equitable tolling here. Plaintiff Gibbons offered only her statement that an unnamed manager told her she had no viable claims. *See* ECF 44-2, PgID 1090. That statement does not evidence that Plaintiff Gibboons lacked notice or knowledge of the filing requirement. And it does not demonstrate diligence in pursing Plaintiff Gibbons's rights. If Plaintiff Gibbons had diligently pursued her rights, she would have consulted a lawyer. It was not diligent or reasonable to rely on the manager's representations about Plaintiff Gibbons's legal rights. Last, Defendants would be prejudiced by equitable tolling because they would be subject to liability of Plaintiff Gibbons's FLSA claims—which are otherwise time-barred. Because all five factors weigh against equitable tolling, the Court will dismiss Plaintiff Gibbons's claims as time-barred.

## CONCLUSION

Plaintiffs Gavin, Winters, Wolf, Speaker, Lindquist, Kertesez, and Burns's claims are subject to compulsory arbitration. Because no party requested a stay, the Court will dismiss their claims without prejudice. Plaintiff Gibbons's FLSA claims are time-barred. The Court will therefore dismiss Plaintiff Gibbons's FLSA claims with prejudice and decline to exercise supplemental jurisdiction over Plaintiff

Gibbons's remaining State law claims. And because no claims remain, the Court will deny the motion to certify class, ECF 24, and motion to stay briefing, ECF 32, as moot. The Court will grant the motion for leave to file excess pages, ECF 43.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [31] is **GRANTED** as to all Plaintiffs.

**IT IS FURTHER ORDERED** that the joint motion to extend page limits [43] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to certify [24] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the motion to stay [32] is **DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 16, 2024

17