# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: April 23, 2025

Mr. Andy Biller
Bronstein Gewirtz & Grossman
4200 Regent Street
Suite 200
Columbus, OH 43219

Ms. Laura Farmwald
Biller & Kimble
8044 Montgomery Road
Suite 515
Cincinnati, OH 45236

Ms. Jessica Garland
Gupta Wessler
505 Montgomery Street
Suite 625
San Francisco, CA 94111

Ms. Emily Hubbard
Biller & Kimble
8044 Montgomery Road
Suite 515
Cincinnati, OH 45236

Mr. Andrew Paul Kimble
Biller & Kimble
8044 Montgomery Road
Suite 515
Cincinnati, OH 45236

Mr. Andrew Klaben-Finegold
Littler Mendelson
41 S. High Street
Suite 3250
Columbus, OH 43215

Ms. Nicole LeFave
Littler Mendelson
100 Congress Avenue
Suite 1400
Austin, TX 78701

Mr. Neil B. Pioch
Littler Mendelson
500 Woodward Avenue
Suite 2600
Detroit, MI 48226

Mr. Matthew Wessler
Gupta Wessler
2001 K Street, N.W.
Suite 850 N.
Washington, DC 20006

           Re:  Case No. 24-1509, *Jamie Gavin, et al v. Lady Jane's Haircuts for Men, et al*
                Originating Case No. : 2:23-cv-12602

Dear Counsel,

   The court today announced its decision in the above-styled case.

   Enclosed is a copy of the court's published opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                                         Yours very truly,

                                         Kelly L. Stephens, Clerk


                                         Cathryn Lovely
                                         Deputy Clerk

cc:  Ms. Kinikia D. Essix

Enclosures

Mandate to issue.

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0102p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

JAMIE GAVIN; JHAMYA WINTERS; TIFFANIE WOLF; MELISSA SPEAKER; JAMIE LINDQUIST; CHLOE KERTESZ; KIM BURNS,

    *Plaintiffs-Appellants*,

*v.*

LADY JANE'S HAIRCUTS FOR MEN HOLDING COMPANY, LLC; LADY JANE'S CLEARWATER FL, LLC; LADY JANE'S MOORE OK, LLC; LADY JANE'S SUNSET HILLS MO, LLC; CHAD JOHNSON; TIM MCCOLLUM; JESSE DHILLON; ALICIA BUNCH; JOHN DOES 1–10; DOE CORPORATIONS 1–10,

    *Defendants-Appellees*.

No. 24-1509

---

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:23-cv-12602—Stephen J. Murphy III, District Judge.

Decided and Filed: April 23, 2025

Before: SUTTON, Chief Judge; SILER and WHITE, Circuit Judges.

---

**COUNSEL**

**ON BRIEF:** Jessica Garland, GUPTA WESSLER LLP, San Francisco, California, Matthew W.H. Wessler, GUPTA WESSLER LLP, Washington, D.C., Andy Biller, BILLER & KIMBLE LLC, Columbus, Ohio, Laura Farmwald, Emily Hubbard, Andrew Kimble, BILLER & KIMBLE LLC, Cincinnati, Ohio, for Appellants. Nicole S. LeFave, Neil B. Pioch, Andrew Klaben-Finegold, LITTLER MENDELSON, P.C., Detroit, Michigan, for Appellees.

_____

**OPINION**

_____

SUTTON, Chief Judge. Several hair stylists filed this lawsuit on the ground that their employer underpaid them by misclassifying them as independent contractors instead of employees. But an arbitration agreement stands in the way. The district court dismissed the claim in favor of arbitration. We affirm.

I.

Lady Jane's Haircuts for Men is a hair salon. Each stylist, the salon claims, is her own boss, an independent contractor in legal parlance. That relationship, the salon says, allows it to avoid the obligations of the Fair Labor Standards Act's minimum-wage and overtime-pay requirements, which apply to employees, not independent contractors.

Several stylists disagreed. They filed a class action complaint against the salon in federal court under the Act and several state laws.

Lady Jane's moved to dismiss the lawsuit. Invoking the arbitration clause in the Independent Contractor Agreement with each stylist, Lady Jane's argued that the claims must proceed before the AAA, formally known as the American Arbitration Association. Under that arbitration clause, "arbitration proceedings shall be administered by the [AAA] under its Commercial Arbitration Rules." R.31-2 at 9. The AAA's Commercial Arbitration Rules, in turn, "require the parties to split the costs of arbitration." R.55 at 10. The stylists responded that the arbitration agreement was unenforceable because it was unconscionably costly and would require them to pay arbitration costs that exceed their yearly income. The district court agreed. At the same time, however, it enforced the severability clause in the contract, severing the contract's reference to the Commercial Arbitration Rules, which meant that the AAA arbitration would default to the less costly rules for employment and independent contractor disputes. With the offending clause out of the way, the court enforced the rest of the arbitration agreement and granted Lady Jane's motion to dismiss.

II.

Under the Federal Arbitration Act, the federal courts must interpret an arbitration agreement like other contracts and enforce the relevant "state contract principles." *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 183 (2019). When a condition of arbitration is unenforcable, we look to state law to determine whether a court may enforce the rest of the agreement. *See Morrison v. Cir. City Stores, Inc.*, 317 F.3d 646, 674–75 (6th Cir. 2003) (en banc). Under Michigan law, severability turns on the parties' intent as captured by their written agreement. *Samuel D. Begola Servs., Inc. v. Wild Bros.*, 534 N.W.2d 217, 220 (Mich. Ct. App. 1995).

As this case comes to the court, the parties share some common ground. They agree that the courts may not enforce the cost-shifting condition in the arbitration clause. They agree that the rest of the agreement covers today's claims. And they agree that the courts should resolve the arbitrability of this dispute. That leaves one contested question: May we sever the cost-shifting segment from the arbitration clause and enforce the rest of it?

We may. The contract contains a severability clause. "If any provision of this Agreement," it says, "is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall nevertheless continue in full force without being impaired or invalidated in any way." R.31-2 at 9. This straightforward language applies here. "[W]hen the arbitration agreement at issue includes a severability provision," as we have explained, "courts should not lightly conclude that a particular provision of an arbitration agreement taints the entire agreement." *Morrison*, 317 F.3d at 675 (applying similar principles under Ohio and Tennessee law). That is this case. The agreement offers no handhold for invalidating the entire arbitration clause based on the cost-shifting section. The better approach is the district court's: enforce the arbitration agreement without the cost-shifting provision.

The stylists see it differently. They read the word "provision" in the severability clause ("the remaining provisions shall nevertheless continue in full force") to apply only to the eleven sections of the contract. If one of the eleven sections has an unenforceable term or clause, they say, a court must sever the entire section from the agreement, no matter how small a part of the

Case 2:23-cv-12602-SJM-APP ECF No. 66, PageID.1352 Filed 04/23/25 Page 6 of 10
Case 2:23-cv-12602-SJM-APP ECF No. 66, PageID.1353 Filed 04/23/25 Page 6 of 10 (6 of 10)

No. 24-1509   *Gavin, et al. v. Lady Jane's Haircuts for Men Holding Co., LLC, et al.*   Page 4

section the term or clause happens to be. If accepted, this approach would require us to sever the entire arbitration section, not merely the cost-shifting clause. That is a bridge too far.

The word "provision" does not require this far-reaching approach. The term refers to a "clause in a statute, contract, or other legal instrument," Black's Law Dictionary (12th ed. 2024), or "[a] particular requirement in a law, rule, agreement, or document," American Heritage Dictionary (5th ed. 2018). *See also* Oxford English Dictionary (2025) ("A legal or formal statement providing for some particular matter."); Webster's New World College Dictionary (5th ed. 2020) ("[A] clause, as in a legal document, agreement, etc., stipulating or requiring some specific thing; proviso; condition."); Merriam-Webster's Dictionary of Law (2016) ("[A] stipulation (as a clause in a statute or contract) made beforehand."). Whether thought of as a clause, a particular requirement, or a statement about a particular matter, the term provision comfortably applies to a clause in an agreement, as opposed to an entire section of an agreement. That's particularly true when one accounts for the design of a severability clause—to save more and cut less from an agreement. *See Prod. Finishing Corp. v. Shields*, 405 N.W.2d 171, 176–77 (Mich. Ct. App. 1987) (per curiam).

Many arbitration agreements contain choice-of-law provisions, arbitrator-selection provisions, award-timing provisions, fee-sharing provisions, and, as here, provisions establishing "the default rules governing the arbitration." *Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 302 (6th Cir. 2008). The fact that the parties combined every arbitration condition in one large arbitration section rather than several sections does not change their nature as discrete, severable "provisions."

Context reinforces that conclusion. The word "provision" appears only once in the contract—in the severability clause. By contrast, the contract uses the word "section" twice to refer to the arbitration section, and once to refer to the "Rent" section. It would be strange to think that the use of "provision" in a clause designed to preserve as much of the contract as possible had the effect of invalidating as much of the contract as possible.

None of the stylists' cited cases cuts the other way. Only one case involves severance of a provision like the one here. *Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 478 (Fla. 2011).

There, the Florida Supreme Court held that it could not sever from an arbitration agreement the clause selecting a particular set of arbitration rules because, without the clause, "the trial court would be forced to rewrite the agreement and to add an entirely new set of procedural rules and burdens and standards." *Id.* But here, striking the reference to the Commercial Arbitration Rules did not force the district court to rewrite the contract and add new rules. Rather, the stylists concede that the AAA's employment rules apply by default, meaning that the district court did not rewrite anything but simply struck the illegal requirement.

Beyond that, in one case a court adopted our approach, interpreting "clause" (which the stylists view as synonymous with provision, Reply Br. 1, 5–6) to mean "a distinct article, stipulation, or proviso in a formal document" rather than "narrow groupings of words separated by commas." *Whitesell Corp. v. Whirlpool Corp.*, No. 1:05-CV-679, 2009 WL 3672753, at *1 (W.D. Mich. Oct. 30, 2009) (quotation omitted). The court concluded that although it could sever one "distinct" requirement while enforcing others, the clause at issue was not "distinct." *Id.* The district court here applied the same principles in severing the contract's distinct reference to the Commercial Arbitration Rules. In another case, a court interpreted the phrase "waived the arbitration clause" in a stipulation to mean that the parties "waived the entire arbitration section" of their contract, including an attorney's fees condition. *Life Flight Network, LLC v. Metro Aviation, Inc.*, No. 3:17-CV-00028-AC, 2017 WL 3388175, at *4 (D. Or. Aug. 7, 2017). But the parties here did not agree to waive the entire arbitration agreement or any part of it. Instead a distinct requirement within that agreement has been held invalid.

The stylists' remaining cases are largely irrelevant. *Acosta v. City of Costa Mesa* involves severance of unconstitutional language from a statute. 718 F.3d 800 (9th Cir. 2013) (per curiam). The Ninth Circuit's analysis focused almost entirely on legislative intent and the "operation and purpose" of the overall statutory scheme—factors that have no bearing here. *Id.* at 818, 820–21. In *Benham v. Farmers' Mutual Fire Insurance Co.*, the Michigan Supreme Court held only that an insurance contract is "divisible" if it "covers separate classes of items of property, separately valued and insured for separate amounts." 131 N.W. 87, 88 (Mich. 1911). And the stylists' two Michigan Court of Appeals opinions simply mention contracts that happen to have severability clauses. None of these cases involves a dispute about how much of a

contract should be severed under a severability clause, or the meaning of "provision" or "clause" or any similar language. *See Nallaballi v. Achanta*, No. 298042, 2011 WL 2555717, at *5 (Mich. Ct. App. June 28, 2011); *W. Mich. Woods Ltd. Dividend Hous. Ass'n Ltd. P'ship v. City of Kalamazoo*, No. 299142, 2011 WL 4375248, at *5 (Mich. Ct. App. Sept. 20, 2011).

The stylists, in the alternative, ask us to certify this question to the Michigan Supreme Court. But we hesitate to accept a certification request raised for the first time on appeal, when the party offers no good reason (save for a second and third shot at victory) for doing so at this point. *State Auto Prop. & Cas. Ins. v. Hargis*, 785 F.3d 189, 194 (6th Cir. 2015).

The stylists argue that the text of the cost-shifting clause—and its use of "shall"—forbids us from severing it. But the mandatory nature of a condition does not bar application of a severability clause. In truth, the mandatory nature of a contract condition often makes it unenforceable—and brings the question of severability to the fore. No surprise, then, the Michigan courts have often severed mandatory-but-invalid clauses in a contract. *See, e.g.*, *Robertson v. Swindell-Dressler Co.*, 267 N.W.2d 131, 137–41 (Mich. Ct. App. 1978) (severing a condition that a party "shall indemnify" the other for negligent acts from the indemnity provision); *Trim v. Clark Equip. Co.*, 274 N.W.2d 33, 34–36 (Mich. Ct. App. 1978) (severing a condition that a party "will indemnify" the other for negligent acts from the indemnity provision).

Nor are we moved by the stylists' claim that they should not be bound by "something they have not actually agreed to." Appellant's Br. 14. That is not this case. As the contract confirms, they agreed to be bound by a severability clause if a provision of the contract became unenforceable. On top of that, the only change to this contract *helps them.* Remember, they agreed to arbitrate the dispute with the AAA. All that happened was that the court removed the *less* favorable (and costly) Commercial Rules—rules that would have made arbitration cost prohibitive.

The stylists, relatedly, claim that the district court impermissibly *reformed* the contract and did so without the customary predicate for a reformation: mutual mistake. That mistakes the premise of severance for the premise of reformation. When a court severs a condition of a

contract ("the usual remedy for substantively unconscionable terms"), it entirely disregards "the unconscionable" condition and "enforce[s] the remainder of the contract." 8 Williston on Contracts §§ 18:17, 19:70 (4th ed.); *see also Prod. Fishing Corp.*, 405 N.W.2d at 176–77. A court's severance power "is not a power of reformation," which is why it must delete only the condition in its entirety. Restatement (Second) of Contracts § 184 cmt. b (Am. L. Inst. 1981). In contrast, when a court reforms a contract (the remedy for mutual mistake), it alters the meaning of a clause to cure the mistake. *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 347 (6th Cir. 2018); *see* Dan B. Dobbs, *Law of Remedies* § 9.4(1) (3d ed. 2018).

The district court did not change the scope or meaning of "Commercial Arbitration Rules" to cure a mutual mistake. It instead declined to enforce this cost-shifting clause because it was unconscionably burdensome to the stylists. That distinguishes this case from each reformation case the stylists raise. *See, e.g.*, *Theophelis v. Lansing Gen. Hosp.*, 424 N.W.2d 478, 491–92 (Mich. 1988) (decedents seeking to rewrite a settlement release as a covenant not to sue); *Casey v. Auto Owners Ins.*, 729 N.W.2d 277, 284–85 (Mich. Ct. App. 2006) (per curiam) (homeowner seeking to rewrite their insurance policy's coverage limit).

The stylists contend that the district court should have declined to require arbitration for equitable reasons, invoking *Olsen v. Porter*, 539 N.W.2d 523, 525 (Mich. Ct. App. 1995). But that court deemed an entire contract unenforceable due to a usurious interest rate. *Id.* It feared that lowering the rate would allow other unscrupulous lenders to charge unlawful rates and merely revert to the lower rate when caught. *Id.* This case differs. Severing the interest rate in that case would mean declining to enforce any interest rate at all. That left the court little choice. It had to decline to enforce the whole contract. That's why the court noted that the lender "brought an action for reformation, not enforcement, of the usurious contract." *Id.* at 526. By contrast, this case involves a plainly severable provision undergirded by a workable default rule.

We affirm.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 24-1509

JAMIE GAVIN; JHAMYA WINTERS; TIFFANIE WOLF; MELISSA SPEAKER; JAMIE LINDQUIST; CHLOE KERTESZ; KIM BURNS,

    Plaintiffs - Appellants,

    v.

LADY JANE'S HAIRCUTS FOR MEN HOLDING COMPANY, LLC; LADY JANE'S CLEARWATER FL, LLC; LADY JANE'S MOORE OK, LLC; LADY JANE'S SUNSET HILLS MO, LLC; CHAD JOHNSON; TIM MCCOLLUM; JESSE DHILLON; ALICIA BUNCH; JOHN DOES 1–10; DOE CORPORATIONS 1–10,

    Defendants - Appellees.

**FILED**
Apr 23, 2025
KELLY L. STEPHENS, Clerk

Before: SUTTON, Chief Judge; SILER and WHITE, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

*Kelly L. Stephens*

Kelly L. Stephens, Clerk